Sanford M. Litvack (admitted *pro hac vice*)
Scott W. Reynolds (admitted *pro hac vice*)
Benjamin J.O. Lewis (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, LLP
777 Main St., Suite 1290
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

*Attorneys for Wilmington Trust, National Association, solely in its capacity as indenture trustee*

Allan S. Brilliant (admitted *pro hac vice*)
Benjamin E. Rosenberg (admitted *pro hac vice*)
Craig P. Druehl (admitted *pro hac vice*)
Dennis H. Hranitzky (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, LLP
777 Main St., Suite 1290
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

*Attorneys for the Ad Hoc Group of Vitro Noteholders*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| VITRO, S.A.B. DE C.V., | Case No. 11-33335-hdh-15 |
| Alleged Debtor in a Foreign Proceeding. | |
| VITRO, S.A.B. DE C.V., | |
| Plaintiff, | |
| v. | Adversary No. 12-03027-hdh |
| AD HOC GROUP OF VITRO NOTEHOLDERS *et al.*, | |
| Defendants. | |

## MOTION TO COMPEL PRODUCTION
## OF DOCUMENTS WITHHELD AND DESIGNATION OF WITNESS(ES)

Wilmington Trust, National Association, solely in its capacity as Indenture Trustee ("Wilmington") and the Ad Hoc Group of Vitro Noteholders[1] (the "Ad Hoc Noteholder Group," and with Wilmington, the "Movants") hereby file this motion to compel the production of documents from Vitro, S.A.B. de C.V. ("Vitro") and the designation, pursuant to Federal Rule 30(b)(6), of a witness or witnesses to address certain topics.

The Court has issued two prior orders regarding discovery and the scope of the hearing scheduled to begin on June 4, 2012 (the "Enforcement Hearing"), which have resolved certain discovery disputes between Movants and Vitro. Through this motion, Movants do not seek any discovery that was precluded by those orders; however, the parties disagree regarding whether certain specific discovery requests are within the scope of what the Court intended to exclude from discovery or within the discovery that has been permitted. In order to resolve these points, and to create a clear record, Movants now seek an order resolving these discovery disputes.

## BACKGROUND

On March 13, 2012, Movants served document requests on Vitro (each a "Request", a copy of which is attached as Exhibit A), to which Vitro served responses and objections on March 21, 2012. On March 29, 2012, Movants served a deposition notice on Vitro pursuant to Federal Rule 30(b)(6), which listed certain topics for examination (each a "Topic", a copy of which is attached as Exhibit B), to which Vitro has not yet responded.

---

[1] The Ad Hoc Noteholder Group is currently comprised of the following entities: Aurelius Capital Management, LP, Beach Point Capital Management, LP, Contrarian Capital Management, LLC, Davidson Kempner Capital Management, LLC, Elliott Management Corp., and Knighthead Capital Management, LLC. The members of the Ad Hoc Noteholder Group collectively holds more than 50% of third-party claims against Vitro. None of members of the Ad Hoc Noteholder Group has any fiduciary duties to any party in interest in this case nor is any of the members of the Ad Hoc Noteholder Group an insider of Vitro or any of its affiliates.

On March 30, 2012, Movants filed a motion to compel compliance with the Requests. On April 4, 2012, the Court entered an Order Regarding Scope Of Trial And Scope Of Proceeding (the "Scope Order", a copy of which is attached as Exhibit C) that, among other things, limited discovery to "any information which might be relevant to this Court's determination of the public policy issue." Scope Order at 4. The Court precluded discovery regarding "information which concerns matters raised in the Mexican proceeding, *e.g.*, voting by insiders, the alleged absolute priority value violation, and other matters of Mexican law." *Id.*

On April 6, 2012, Movants filed a motion to clarify the Scope Order. On April 13, 2012, the Court entered an Order Regarding Motion For Clarification Of Order Regarding Scope Of Trial And Scope Of Proceeding (the "Clarification Order", a copy of which is attached as Exhibit D), in which the Court denied the motion and held that it would take judicial notice of evidence previously offered in the Chapter 15 proceeding, including evidence of "the origin of Vitro SAB's intercompany claims, the business dealings with Fintech, and the relocation of certain business operations from the US to Mexico, alleged by Vitro to be for tax reasons" and that "the parties will be free to put on evidence described in the Court's earlier order." However, the Court stated that it "does not believe that substantial discovery on such other matters should be permitted."

Following meet-and-confer sessions, counsel for the Ad Hoc Noteholder Group sent a letter, dated April 17, 2012, summarizing the parties' positions, a copy of which is attached as Exhibit E. Counsel for Vitro responded in the letter dated April 18, 2012 (the "April 18 Letter", a copy of which is attached as Exhibit F).

## ARGUMENT

Movants have identified certain Requests and Topics that they understand to be precluded by the Scope Order and the Clarification Order.[2] There are, however, other Requests and Topics about which the parties disagree and which are not expressly addressed by either the Scope Order or the Clarification Order. Each of these topics relates to issues that the Court has stated are relevant to the Enforcement Motion: "the procedural fairness of the Mexican process and whether the enforcement of the result of that process, the approved plan, would be manifestly contrary to the public policy of the United States." Scope Order at 2. Movants respectfully request an order compelling compliance with each the following Requests and Topics for the following reasons:

### A.      Requests Regarding Assertions By Vitro

Several of requests relate to assertions that Vitro made in its Enforcement Motion and supporting affidavits. It is not clear whether the Court will hear evidence related to these assertions, but if it does then the Movants should be permitted to take discovery with respect to them.[3]

---

[2]      These include Requests 1, 2, 3, 4, 5, 17, 23, 28, 34, 35, 36, 37 and Topics 7-11 and 17. To the extent that the Court did not intend to deny the motion to compel with respect to these Requests and Topics, Movants respectfully request that the Court clarify that intention in its ruling on this motion. Plaintiffs do not seek to re-argue the Court's determinations with respect to these Requests, but reserve their right to appeal these rulings.

[3]      These requests, and the assertions to which they relate, are as follows:

**Request 8** (assertion that the Plan provides for an "orderly allocation process")

**Request 9** (assertion that the Plan provides "just treatment of creditors")

**Request 10** (assertion that the Plan provides "an orderly and equitable distribution of [Vitro's] assets among its recognized creditors")

**Request 13** (assertion that a "requisite majority" of creditors effected a valid novation of the Guarantors' obligations under the Indentures)

**B.      Requests and Topics Regarding The Mexican *Concurso* Proceedings**

The following Requests and Topics seeks information regarding what was communicated to the *Conciliador* and judicial officers at *ex parte* hearings and meetings, which is relevant to the "procedural fairness of the Mexican process." Scope Order at 2:

> **Request 27** (transcripts of any judicial proceedings in Mexico relating to the Plan)
>
> **Request 32** (documents and communications concerning any hearing, meeting, or other proceeding before the Mexican Court or the *Conciliador*)
>
> **Topic 2** (proceedings before the Mexican Court concerning the Plan or Vitro's reorganization)
>
> **Topic 5** (communications with the *Conciliador*)
>
> **Topic 6** (communications with the Mexican Court, or any other court or judicial officer in Mexico)

Although Vitro agreed to produce its *ex parte* written communications with the *Conciliador* and judicial officers, *see* April 18 Letter at 3, it has not agreed to produce documents or transcripts relating to *ex parte* meetings or hearings. Because communications at these *ex parte* hearings and meetings very likely were oral, the documents and testimony sought through these Requests and Topics is necessary for Movants to learn what was communicated to the *Conciliador* and Mexican judicial officers.

---

> **Request 19** (assertion that Vitro paid certain "restructuring Cash to a third party payment trust, which will deliver the Restructuring Consideration to those Recognized Creditors who had consented to the *Concurso* Plan")
>
> **Request 20** (assertion that Vitro "has established another trust to hold the Restructuring Consideration payable to those Recognized Creditors who had not consented to the *Concurso* Plan. Such Restructuring Consideration will be delivered to those creditors once they have executed the *Concurso* Plan and delivered the appropriate receipt and acknowledgment")
>
> **Request 24** (assertion that "[t]he New Notes also provide greater security to holders thereof than did the Old Notes").

**C.  Requests and Topics Regarding the Compensation of the *Conciliador,* His Law Firm, and his Financial Advisor**

The following Requests and Topics seek information regarding the compensation of, and conflicts of interest involving, the *Conciliador*, who is a partner in the law firm of Baker & McKenzie, and KPMG, which is an accounting firm that advised the *Conciliador* in the *Concurso* Proceeding:

> **Request 38** (instances in which Baker & McKenzie or its affiliates was engaged to render services to Vitro)
>
> **Request 39** (any instances in which KPMG or its affiliates was engaged to render services to Vitro)
>
> **Topic 12** (*Conciliador*'s compensation)
>
> **Topic 13** (KPMG's compensation)
>
> **Topic 14** (business relationships between Baker & McKenzie and Vitro or any Affiliate)
>
> **Topic 15** (business relationships between KPMG and Vitro or any Affiliate)

The amount of compensation paid is relevant because Movants believe it was directly tied to the amount of intercompany claims recognized – the due process equivalent of paying criminal court judges by the conviction.  Conflicts of interest also demonstrate a lack of due process.  Thus, these Requests and Topics are relevant to the "procedural fairness of the Mexican process."  Scope Order at 2.

**D.  Requests and Topics Related To The Effects Of The *Concurso* Plan**

The following Requests and Topics seek information concerning the effect of the *Concurso* Plan.  Although Vitro has agreed to produce the *Concurso* Plan itself, it has not agreed to produce documents relating to the meaning or anticipated effects of the plan:

> **Request 12** (the release of claims against any Non-Debtor Subsidiary under the Plan)
>
> **Request 14** (which, if any, of the Guarantors' obligations under the Indentures would remain intact under the Plan)
>
> **Request 15** (the agreement governing the New Notes by which rights to vote intercompany debt in any future *Concurso* proceeding are conveyed to an agent subject to the lenders' discretion)

**Request 21** (the decision to create separate trusts for consenting and non-consenting creditors, to make payment to non-consenting creditors contingent upon execution of the Plan and to pay consenting and non-consenting creditors in different manners)

**Request 22** (the effect of the Plan, directly or indirectly, on Vitro's Securitization Trusts)

**Request 26** (documents and communications with any creditor of Vitro concerning the Plan and/or Vitro's efforts to have the Plan recognized in the United States)

**Request 29** (the anticipated impact or enforceability of the Plan in the United States)

**Topic 1** (the Plan, including the formation, terms, approval, and implementation of the Plan as well as the impact of the Plan on any creditors)

**Topic 4** (release of the Non-Debtor Guarantees under the Plan)

These Requests and Topics are directly relevant to "whether the enforcement of the result of that process, the approved plan, would be manifestly contrary to the public policy of the United States", Scope Order at 2, because the Court is being asked to enter an injunction giving the *Concurso* Plan the same effect in the United States that it has in Mexico.  Each of these Requests and Topics seek information regarding what that effect would be.

**E.    Request 30 -- Regarding Vitro's Subsidiaries' Decisions Not to File for Bankruptcy**

Request 30 seeks information relating to Vitro's decision not to include the overwhelming majority of its guarantor subsidiaries in insolvency proceedings.  This Request is directly relevant to United States' public policy because Vitro is seeking an unprecedented injunction purportedly discharging the debts of non-debtor entities, which, as this Court has recognized, is extraordinary.  *See* Memorandum Opinion On Motion For Preliminary Injunction, dated June 24, 2011 (Dkt. # 99, No. 11-03342-hdh), at 17 ("Extending the automatic stay or issuing an injunction for non-debtors contravenes a basic and compelling principle of federal bankruptcy law.").

**F.    Requests 6 and 7 -- Regarding Public Policy**

Requests 6 seeks documents related to the impact of the Plan or its approval on debt finance markets.  Request 7 seeks documents related to the increased costs of borrowing for

Vitro or other companies with Mexican operations as a result of the Plan. Both of these requests, by their express terms, seek documents concerning some of the negative public policy implications of the *Concurso* Plan – namely, the effect of the *Concurso* Plan on debt markets.

## **CONCLUSION**

For the foregoing reasons, the Movants respectfully requests that the Court grant the motion to compel.

Dated: April 23, 2012

Respectfully submitted,

By: /s/ Jeff P. Prostok
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
FORSHEY & PROSTOK, LLP
777 Main St., Suite 1290
Fort Worth, TX 76102
Telephone: (817) 877-8855
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

*Attorneys for Wilmington Trust, National Association,*
*solely in its capacity as Indenture Trustee and the Ad*
*Hoc Group of Vitro Noteholders*

-and-

DECHERT LLP

Allan S. Brilliant (admitted *pro hac vice*)
(allan.brilliant@dechert.com)
Benjamin E. Rosenberg (admitted *pro hac vice*)
(benjamin.rosenberg@dechert.com)
Craig P. Druehl (admitted *pro hac vice*)
(craig.druehl@dechert.com)
Dennis H. Hranitzky (admitted *pro hac vice*)
(dennis.hranitzky@dechert.com)

1095 Avenue of the Americas

New York, NY 10036
Telephone: (212) 698-3500

*Attorneys for the Ad Hoc*
*Group of Vitro Noteholders*

-and-

HOGAN LOVELLS US LLP

Sanford M. Litvack (admitted *pro hac vice*)
Scott W. Reynolds (admitted *pro hac vice*)
Benjamin J.O. Lewis (admitted *pro hac vice*)
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Wilmington Trust, National Association, solely*
*in its capacity as indenture trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties entitled to service via this Court's ECF filing system and on the parties listed below via email on this 23rd day of April, 2012.

David M. Bennett
Katharine Battaia Clark
Cassandra Ann Sepanik
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201

Andrew M. Leblanc
MILBANK TWEED HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, DC 2006

Risa M. Rosenberg
Thomas J. Matz
Jeremy C. Hollembeak
MILBANK TWEED HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005

/s/ Jeff P. Prostok
Jeff P. Prostok